UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| KEEFE COMMISSARY NETWORK, LLC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) | Case No. 4:20-cv-00176-SNLJ |
| | ) | |
| BEAZLEY INSURANCE COMPANY, INC., | ) ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff Keefe Commissary Network, LLC.'s motion for entry of protective order [#59].  Plaintiff states that the documents primarily at issue are documents that contain or consist of attorney-client privileged communications and attorney work product prepared by counsel for Keefe in connection with the defense of the Underlying Lawsuit.  Plaintiff plans to produce the documents, but plaintiff seeks a protective order preventing dissemination or disclosure of documents containing or consisting of attorney-client privileged communications and attorney work product to anyone other than representatives of plaintiff or defendant Beazley Insurance Company.

## I.  Factual Background

This is an insurance coverage action concerning whether defendant owes insurance coverage to plaintiff for its defense costs and the settlement payment associated with the Underlying Lawsuit, which involved a large public corruption investigation

regarding the Mississippi Department of Corrections.  Keefe Commissary maintains it was innocent of any wrongdoing, but says it ultimately agreed to settle the Underlying Lawsuit against it "in light of the operational burden and financial costs associated with continuing to defend the lawsuit."

Plaintiff Keefe retained outside counsel to defend the Underlying Lawsuit, to which defendant Beazley consented; and Beazley and Keefe communicated during the pendency of the Underlying Lawsuit concerning matters such as the status of the case, Keefe's defense counsel's defense strategy, and other confidential matters.

Defendant Beazley has filed document requests seeking documents that include confidential attorney-client privileged communications or attorney work product with respect to the defense of the Underlying Lawsuit. Keefe has agreed to produce (and has already produced some of) the documents containing or comprising such attorney-client privileged communications and/or attorney work product. Keefe maintains, though, that under Missouri law, these documents not only remain subject to the attorney-client privilege and the attorney work product protections, they are also subject to the insurer-insured privilege which attaches to communications between an insured and its liability insurer.  *See  State ex rel. L.Y. v. Davis*, 723 S.W.2d 74, 75 (Mo. App. E.D. 1986); *Ratcliff v. Sprint Mo., Inc.*, 261 S.W.3d 534, 538 (Mo. App. W.D. 2008).

Beazley will not agree to any provision in a protective order that would limit Beazley's ability to share or disclose any information produced in discovery at all, even where that information is subject to the attorney-client, work product, or insurer-insured privileges under Missouri law as to disclosure against anyone else. Beazley is also

2

unwilling to agree to any provision requiring non-party recipients of information

designated as confidential to sign and agree to abide by the protective order before

receiving the confidential information.

## II.    Discussion

Federal Rule of Civil Procedure 26(c) allows, upon a showing of good cause by

the movant, the Court to issue an order protecting disclosure or discovery.  Fed. R. Civ.

P. 26(c)(1).

Beazley does not appear to contest that the documents at issue are indeed

confidential and privileged.  Beazley's concern is that, under the terms of Keefe's

proposed protective order, Beazley would be unable to use the subject documents in the

defense of its lawsuit.  For example, Beazley would like to use the protected documents

in depositions or at trial, but doing so would, according to Beazley, run afoul of the

protective order.  It is not entirely clear what sorts of attorney-client privileged or work

product protected documents Beazley would seek to divulge to third parties in this case,

or how they would be relevant.  Moreover, the proposed protective order does not

prohibit Beazley from using the subject documents—the parties are permitted to show the

documents to certain individuals, including to individuals who sign a "Certification"

agreeing to be bound by the protective order.  Beazley provides as example of its difficult

position a situation in which it would want to examine the State of Mississippi's lawyer

in the Underlying Litigation, Gerald Abdalla, Jr., regarding an email between Keefe and

Keefe's counsel detailing a settlement call that retained counsel had with Mr. Abdalla.  It

is unclear why Beazley would need to show Mr. Abdalla an email between an opposing

3

party and opposing counsel regarding a call with Mr. Abdalla.  To the extent that the email would "assist [Mr. Abdalla] in recalling, relating, or explaining facts or in testifying," the proposed protective order would allow Mr. Abdalla to see the email so long as he executes the "Certification."  Although Beazley suggests Mr. Adballa may be unwilling or unable to sign the "Certification," Mr. Adballa's opinion regarding Keefe's attorney-client privileged documents hardly seems necessary.  Beazley can adequately depose Mr. Adballa and others regarding "the strengths of the State of Mississippi's case against Keefe…; the timeline and substance of Keefe's settlement negotiations with the State of Mississippi; and, ultimately, why any settlement occurred and, more specifically, why the amount of $3.1 million was agreed upon" [#60 at 13] without using documents to which the deponent was never a party.

Beazley also argues that "Keefe kept Beazley in the dark" while it settled the Underlying Litigation, and that "Keefe now seeks to box Beazley out entirely, while trying to saddle Beazley with its bill." [#60 at 12.]  But nothing in the proposed protective order seeks to prevent Beazley from seeing the documents over which Keefe admits Beazley shares the privilege.  Keefe simply seeks to avoid waiving the privileged and confidential nature of the documents at issue.  Beazley remains entirely able to review the protected documents and use the information in them to defend itself—but Beazley cannot show the privilege and confidential documents to others without proper safeguards to avoid waiver of the privilege.  Ultimately, Keefe's interest in maintaining its attorney-client communication and work product privileges constitutes good cause,

4

particularly where Beazley also shares in that privilege as Keefe's insurer.  *See Davis*,

723 S.W.2d at 75; *Ratcliff*, 261 S.W.3d at 538.

Accordingly,

IT IS HEREBY ORDERED that plaintiff's motion for entry of protective order

[#59] is GRANTED.

Dated this  11th  day of May, 2021.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE